IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ALVIN SANDELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13-cv-0083 |
| MIKE UNDERWOOD, Cpl. BRANDON FOSTER, and I/A Sgt. TIM HEARNS, | ) Chief Judge Haynes |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Alvin Sandell, an inmate at the South Central Correctional Center in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Mike Underwood, Cpl. Brandon Foster, and I/A Sgt. Tim Hearns (Docket Entry No. 1). Plaintiff asserts an Eighth Amendment claim arising out of the alleged use of force against him.

According to his complaint, Plaintiff alleges that at 7:10 a.m. on February 11, 2013, Defendant Underwood and an officer Morrison took Plaintiff from his cell to another room and once there, "they started hit[ting] me and kick and the other officer Morrison then kick me to[o]." (Docket Entry No. 1, Complaint at 4.) Plaintiff alleges that two days earlier, he filed a grievance about Defendant Underwood and an officer Morrison "because they told me that they was going to do that to me." Plaintiff alleges that he reported these officers' statements to Defendant Hearns, but "[Hearns] would not do anythin[g]. He said he would look in to it and never did."

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Plaintiff must allege the

1

personal involvement of each Defendant to state a claim against that individual. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).

Here, Plaintiff's complaint names Defendant Foster, but his complaint does not allege that Foster was personally involved in the events about which Plaintiff complains. Plaintiff also did not name Morrison as a defendant. Plaintiff does not allege that Foster was one of the corrections officers who attacked him or that he otherwise had anything to do with the assault. Plaintiff's claims against Defendant Foster fail to state a claim for relief.

As to Defendant Hearns, while denying or affirming a grievance does not give rise to liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), a failure to protect an inmate's personal safety may state a claim where the prison official is aware of the threat. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986), *Gibson v. Foltz*, 963 F.2d 851, 854 (1992).

The Court concludes that Plaintiff has stated viable claims against Defendant Underwood, whom Plaintiff alleges assaulted him without justification to intimidate him and who retaliated against Plaintiff for Plaintiff's grievance against Defendant Underwood. The Court concludes that Plaintiff also states a claim against Deferent Hearns under the Eighth Amendment claim for failure to protect.

An appropriate Order is filed herewith.

ENTERED this the 19th day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court